

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-1189-13

---

**NILDA ILIANA RODRIGUEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE THIRD COURT OF APPEALS**
**BELL COUNTY**

---

**ALCALA, J., filed a dissenting opinion in which JOHNSON, J., joined.**

### DISSENTING OPINION

I respectfully dissent from this Court's judgment reversing the conviction of Nilda

Iliana Rodriguez, appellant, for felony murder and would instead hold that the evidence is

sufficient to uphold her conviction for that offense. Although I agree with the majority

opinion that the law on felony murder requires commission of an "act," which means

voluntary or involuntary bodily movement, I disagree that the fact finder was irrational in

deciding that the circumstances of this case fit within that definition. *See* TEX. PENAL CODE §§ 1.07(a)(1); 19.02(b)(3). In light of appellant's claim that she fed the infant with bottles, a fact finder could reasonably determine that her act—repeatedly feeding the baby an inadequate amount—caused him to starve from malnutrition and dehydration.

Courts have held that a fact finder is rational in deciding that the starvation of a child can constitute an act of commission and omission. *See People v. Jennings*, 237 P.3d 474, 524-25 (Cal. 2010) (describing the "prolonged and purposeful" starvation of child as a "deliberate act," and finding evidence sufficient to uphold defendant's conviction for first-degree murder involving infliction of torture); *see also Fairchild v. State*, 998 P.2d 611, 621 n.17 (Okla. Crim. App. 1999) (op. on reh'g) (describing willfully starving a child as one of several examples of "acts which result in injury or death but do not require force"); *Commonwealth v. Cottam*, 616 A.2d 988, 1004 (Pa. Super. Ct. 1992) (describing parents' conduct in providing inadequate sustenance to children as "acts of commission and omission" that created a substantial risk of death or serious bodily injury, and upholding defendants' convictions for reckless endangerment of another person on that basis). This Court should similarly hold that the fact finder here was rational in determining that appellant's providing inadequate sustenance that led to the child's death was an act of commission.

In recognition of the reality that factual circumstances underlying a criminal offense are often complicated, Texas law permits the State to plead cases in the alternative, including

allegations of acts of commission and omission, and allows fact finders to use their common sense to resolve factual discrepancies for the purpose of arriving at a verdict in the case. The majority opinion is inconsistent with these principles and will wreak havoc on other statutes that provide for criminal liability under similar situations. If, for example, a person drives his car at a high rate of speed towards his intended victim and strikes him, he has committed a voluntary act even though the injury actually occurs because the driver has failed to apply his brakes in a timely manner. One could characterize those facts as showing that the injury was caused by an act of commission in that the driver accelerated towards the victim or by an omission in that he failed to apply his brakes. Driving at a high rate of speed without applying brakes or continually feeding a child less food than required to sustain life are each circumstances that a rational fact finder could determine are acts of commission as well as of omission. Because life is messy, the law does not require that circumstances encompassing multiple legal theories be fit neatly into only one.

I would hold that the evidence is sufficient to establish appellant's guilt of the offense of felony murder.[1] I, therefore, would uphold the decision by the court of appeals in affirming the judgment of the trial court.

Filed: June 18, 2014

Publish

---

[1] The State's other alternative allegation asserted an omission rather than an act. That alternative alleged that appellant withheld sufficient nutrition and fluids from the baby. Withholding nutrition and fluids is indicative of an omission rather than an act.